# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DYANNE KIRKLAND | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-193-TJW-CE |
| | § | |
| WERNER ENTERPRISES, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the court are defendant Werner Enterprises, Inc. ("Werner Enterprises") and Robert Mackey's ("Mr. Mackey") (collectively "Defendants") motions for summary judgment as to plaintiff Dyanne Kirkland's ("Plaintiff") mental anguish and gross negligence claims (Dkt. Nos. 26 and 39). Having carefully considered the parties' arguments, Defendants' motions for summary judgment are GRANTED-in-PART and DENIED-in-PART. The motions are granted with regard to Plaintiff's gross negligence claims against Werner Enterprises. They are, however, denied with regard to the Plaintiff's mental anguish claims and gross negligence claim against Mr. Mackey.

### II. FACTUAL SUMMARY

This is a personal injury case arising out of a motor vehicle accident that occurred on June 30, 2008. Mr. Mackey, an employee of Werner Enterprises, was the driver of the 18-wheeler truck that caused the accident. Traveling at a speed of between 60-70 mph, Mr. Mackey ran into a line of cars that had stopped for construction on IH-20. At the time of the accident, Plaintiff was operating an 18 wheeler truck that was stopped in the right hand lane in the construction zone. Mr. Mackey's truck hit another car, driving it under the trailer of Plaintiff's truck and killing the woman inside. Mr. Mackey's truck continued on, scraping along the side of the trailer and the cab

of Plaintiff's truck before veering into the median and eventually stopping close to the west bound lanes of IH-20.

Plaintiff filed suit on June 8, 2010, alleging negligence and gross negligence on the part of the Defendants. Plaintiff also alleged that as a result of the Defendants' negligence she suffered personal injuries, including past and future medical bills, past and future lost wages, lost wage earning capacity, and past and future physical pain and mental suffering. On November 30, 2010 and January 27, 2011, Defendants filed their motions for summary judgment regarding Plaintiff's gross negligence and mental anguish claims.

### III. LEGAL STANDARD

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because…[it]…may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party and refrain from making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

### IV. DISCUSSION

#### a. Plaintiff's Gross Negligence Claims

Defendants ask for summary judgment on Plaintiff's gross negligence allegations. Under

Texas law, gross negligence is defined as an act or omission: (1) "which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others;" and (2) "of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11); *see also Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994); *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 325-26 (Tex. 1993).

In its motion for summary judgment on gross negligence, Defendants argue that Plaintiff has failed to adduce any evidence that either Werner Enterprises or Mr. Mackey engaged in grossly negligent conduct. With regard to Werner Enterprises, Plaintiff argues that the company engaged in gross negligence by failing to comply with sections 391.31 and 391.33 of the Federal Motor Carrier Safety Regulations ("FMCSR"). These sections of the FMCSR require a trucking company to put all of its new hires through a driving test and to document the results of this test or, alternatively, to accept a copy of a valid commercial drivers license in lieu of a road test. *See* 42 CFR 391.31, 391.33. In her response to Defendants' motion for summary judgment, Plaintiff argues that Werner Enterprises failed to produce any documents indicating that it complied with these requirements with regard to Mr. Mackey prior to permitting him to operate the truck at issue. Plaintiff contends that this lack of evidence is sufficient to establish gross negligence on the part of Werner Enterprises. Werner Enterprises, however, did provide documentation that it complied with section 391.33 of the FMCSR by accepting Mr. Mackey's valid commercial driver's license. Considering this, along with the other evidence submitted by Werner Enterprises concerning its pre-hiring activities, the court concludes that there is no genuine issue of material fact that Werner Enterprises did not engage in gross negligence in hiring Mr. Mackey.

With regard to Defendants' motion for summary on Plaintiff's gross negligence claims against Mr. Mackey, the court concludes that there are genuine issues of material fact as to whether Mr. Mackey's conduct rises to the level of gross negligence. These issues can only be resolved by a jury. Accordingly, the court denies Defendants' motion for summary judgment that Mr. Mackey did not engage in grossly negligent conduct.

### b. Plaintiff's Mental Anguish Claim

In Texas, "mental anguish damages are recoverable in virtually all personal injury actions where serious bodily injury is inflicted." *Fitzpatrick v. Copeland*, 80 S.W.3d 297, 302 (Tex. App.—Fort Worth 2002) (collecting authority); *see also City of Tyler v. Likes,* 962 S.W.2d 489, 494-96 (Tex. 1997) ("…even where the defendant's conduct was merely negligent, Texas has authorized recovery of mental anguish damages in virtually all personal injury actions. Where serious bodily injury is inflicted, ... we know that some degree of physical and mental suffering is the necessary result.") (internal quotations omitted). Defendants argue that the court should grant summary judgment on Plaintiff's mental anguish claims because Plaintiff suffered no physical injury in the collision. Plaintiff, however, produced sufficient evidence indicating that she did indeed suffer physical injury as a result of the collision and that her mental anguish claims arise out of those physical injuries. Considering this, the court concludes that there is a genuine issue of material fact with regard to whether Plaintiff's mental anguish claims are the result of physical injuries she incurred in the collision. As such, the court denies Defendants' motion for summary judgment on this issue.

### V. CONCLUSION

The court concludes that there is no genuine issue of material fact that Werner Enterprises did not engage in grossly negligent conduct. The court, therefore, GRANTS Defendants' motion

for summary judgment with regard to Plaintiff's gross negligence claim against Werner Enterprises. The court, however, concludes that a genuine issue of material fact exists with regard to whether Plaintiff's mental anguish claims are tied to her alleged physical injuries. Furthermore, the court concludes that genuine issues of material fact preclude the court from rendering summary judgment in favor of Defendants with regard to Plaintiff's gross negligence claim against Mr. Mackey. Accordingly, the Defendants' motions for summary judgment are DENIED with regard to Plaintiff's mental anguish claims and gross negligence claim against Mr. Mackey.

SIGNED this 3rd day of May, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE